(No. 4061

LAWRENCE H. NEWMAN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 20, 1948.*

EDWARD C. MACK AND ANGELL AND GARRETSON, for Claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

DAMRON, J.

The original complaint in this case was filed on January 12, 1948; thereafter an amended complaint was filed herein on April 7, 1948.

In the amended complaint; claimant alleges that he has been damaged in a sum in excess of $2,500.00 due to the negligence of the respondent, through its agents, servants, or employees. The alleged damages are founded upon personal injuries and property damages sustained by the claimant, Lawrence H. Newman, in an automobile accident on State Bond Issue Route No. 10 near Hamilton, Illinois. The accident is alleged to have occurred on January 31, 1943 at about 2:30 A. M. at which time claimant alleges he was driving his automobile in an easterly direction about one mile east of Hamilton, Illinois, on said Route 10. That said highway was in a state of construction, the shoulders not having been filled in left a drop of 14½ inches from the edge of the slab, into which the right wheels of his automobile fell causing it to turn over.

Claimant charges that the failure to place warning signs or markers along said drop-off at the edge of said highway constitutes negligence on the part of the respondent. The amended complaint further alleges that at the time and place of said accident the claimant was in the exercise of due care and caution for his own safety.

This claim occurred January 31, 1943 while the Court of Claims Act of 1917 was in full force and effect and it must be decided on that statute.

The case of *Turner et al.* vs. *State,* 12 C.C.R. 265, involved a case somewhat parallel upon the facts of the case at bar.

About 7:30 P. M. of October 5, 1940 on State Route 39, between Mahomet and Champaign, Illinois, a collision occurred between cars driven by claimant Turner and one McCleary. A six inch depression in the concrete pavement, which had existed for more than three weeks prior to the accident and of which the State had notice,

caused the Turner car to swerve to the right and then to the left across the black line in the center of the highway. It crashed into the oncoming McCleary car. There was no sign, no barricade, no light to warn motorists of this defect in the pavement.

A claim was filed based on the negligence of the agents and servants of the respondent seeking awards amounting to $23,000.00.

In denying an award this Court held that the State exercises a governmental function in the construction and maintenance of public highways and it is not liable for damages caused by either a defect in the construction, or failure to maintain same in a safe condition for travel.

Following the Court of Claims Act as it existed until repealed in July 1945, we held that awards are limited to cases in which claimant would be entitled to redress against the State either at law or in equity if the State were suable. The Court quoted *Crabtree* vs. *State,* 7 C.C.R., 207, and held that the doctrine of respondeat superior had no application to the State in the exercise of its governmental functions. *Kelly* vs. *State,* 9 C.C.R., 339.

All claims for damages based on the alleged negligence of State employees prior to July 1, 1945 are controlled by the Turner case. Prior to the enactment of the present Court of Claims Act, claimants could not recover an award based on the negligent act of the agents or servants of the State.

The respondent, through its Attorney General, files a motion to strike and dismiss said complaints for the reason that any possible cause of action upon the facts alleged is barred by the statute of limitations contained in Section 22 of the Court of Claims Act (1945).

In view of the position we take regarding. the laws applicable to the claim, the motion of the Attorney General need not be considered.

Award denied.